IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division



RON RASCOE,
    Plaintiff,

v.                                              Civil No. 2:12cv352

APM TERMINALS VIRGINIA, INC. et al.,
    Defendants.

## OPINION AND ORDER

This matter is presently before the Court upon the plaintiff's motion to remand this action to state court. For the reasons set forth herein, the motion is **DENIED**.

## I. BACKGROUND

The plaintiff, Ron Rascoe, filed his original complaint in this matter in the Circuit Court for the City of Portsmouth, Virginia, on May 30, 2012. In the original complaint, the plaintiff alleged that he was wrongfully discharged from his position as shop steward of APM Terminals in Portsmouth, Virginia. In particular, the plaintiff alleged that he was appointed shop steward at APM Terminals pursuant to certain collective bargaining agreements, and that, by custom and practice, the shop steward position is a lifetime appointment rather than at-will employment.[1] He further alleged that, notwithstanding this custom and practice, on February 11, 2011, Rascoe was terminated from the shop steward position in favor of an individual with no seniority who was also the son of the president of a trade association that represented port employers in labor negotiations concerning APM Terminals and other facilities throughout the Port of Hampton Roads.

---

[1] See generally United Steelworkers of America v. Warrior & Gulf Navigation Co., 363 U.S. 574, 580 (1960) ("Gaps may be left [in a collective bargaining agreement] to be filled in by reference to the practices of the particular industry and of the various shops covered by the agreement.").

On June 27, 2012, defendant Virginia International Terminals ("VIT") removed the matter to this Court pursuant to 28 U.S.C. § 1441, citing the Court's federal question jurisdiction under 28 U.S.C. § 1331 and Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185. On June 29, 2012, defendant APM Terminals Virginia, Inc. ("APMTVA") filed notice of its consent to removal of the case, as required by 28 U.S.C. § 1446(b)(2)(A).

On July 9, 2012, twelve days after the case was removed from state court, the plaintiff filed an amended complaint pursuant to Rule 15(a) of the Federal Rules of Civil Procedure. In this amended complaint, the plaintiff restated his wrongful termination claim, this time omitting any mention of the collective bargaining agreements, instead referencing only an unspecified "contract with APMTVA" and the "custom and practice in the longshore industry in the Port of Hampton Roads" that a shop steward is hired for life—apparently suggesting, by omission of any reference to the collective bargaining agreements, that his appointment as shop steward of APM Terminals was based on a direct contract of employment between himself and APMTVA, and not on any collective bargaining agreement.

That same day, the plaintiff filed a motion to remand this case to state court. On July 23, 2012, defendants VIT and APMTVA filed separate briefs in opposition to the motion to remand. The plaintiff did not file a rebuttal brief. The motion is now ripe for decision on the papers. See Local Civ. R. 7(J).

## II. ANALYSIS

Under 28 U.S.C. § 1441(a), a defendant may remove an action filed in state court to a federal court with original jurisdiction over the action. Once removed, the plaintiff may challenge removal by moving to remand the case back to state court. "The defendant bears the burden of proof in a removal action. Moreover, removal statutes are to be construed strictly, narrowly, and against

2

removal." Kurihara v. CH2M Hill, Inc., 6 F. Supp. 2d 533, 534 (E.D. Va. 1998) (citations omitted).

In this case, the plaintiff contends that the case should be remanded to state court because this Court lacks subject matter jurisdiction over the matter. First, the plaintiff contends that, as a shop steward, he was a supervisor rather than an "employee" as defined in Section 2(3) of the LMRA, 29 U.S.C. § 152(3), and thus this Court lacks subject matter jurisdiction pursuant to Section 301 of the LMRA, 29 U.S.C. § 185. Second, the plaintiff contends that this action does not implicate the LMRA because, under the amended complaint, the plaintiff asserts only a state law claim, arising from "custom and practice" and an unspecified contract entered into between Rascoe and APTMVA directly, without reference to any collective bargaining agreements.

The defendants oppose the plaintiff on both these points, contending that the supervisory nature of the plaintiff's job is irrelevant to the existence of subject matter jurisdiction under Section 301. The defendants further contend that, notwithstanding the amended complaint's omission of any reference to the collective bargaining agreements, it is clear from the original complaint and the complaints in two prior lawsuits filed by the plaintiff that determination of the plaintiff's wrongful discharge claim will require reference to and interpretation of the collective bargaining agreements in place for APM Terminals and the Port of Hampton Roads. Finally, the defendants contend that the plaintiff should be judicially estopped from arguing that his claims stem from a direct contract of employment between himself and APMTVA rather than from the collective bargaining agreements, having previously asserted breach of the collective bargaining agreements in his original complaint in this case and in the two prior lawsuits.

**A. Judicial Estoppel**

As a threshold issue, the Court first considers the defendants' argument that the plaintiff should be judicially estopped from asserting that his wrongful discharge claim arises from an

3

unspecified employment contract entered into directly between himself and APMTVA, and not from the collective bargaining agreements that govern labor-management relations at APM Terminals and throughout the Port of Hampton Roads. The defendants note that this is the third lawsuit brought by the plaintiff in connection with his discharge from the shop steward position, and that the plaintiff's current stance is at odds with his prior position that his termination as shop steward breached the terms of a collective bargaining agreement.

"Judicial estoppel precludes a party from adopting a position that is inconsistent with a stance taken in prior litigation. The purpose of the doctrine is to prevent a party from playing fast and loose with the courts, and to protect the essential integrity of the judicial process." Lowery v. Stovall, 92 F.3d 219, 223 (4th Cir. 1996) (quoting another source). In Lowery, the Fourth Circuit identified three elements that must be met before a court of this circuit may apply judicial estoppel. First, the party to be estopped must be seeking to adopt a position inconsistent with a stance taken in prior litigation, and that position must be one of fact rather than law or legal theory. Id. at 224. "Second, the prior inconsistent position must have been accepted by the court." Id. Finally, and most importantly, the party to be estopped must have "intentionally misled the court to gain unfair advantage"—the prior inconsistent position must not have been based on inadvertence or mistake. Id.

Judicial estoppel in this case in inappropriate. Although the plaintiff's prior inconsistent position was clearly not based on inadvertence or mistake, and although his current position is arguably one of fact rather than merely law or legal theory, it is patently clear that the plaintiff's prior inconsistent position was never accepted by this or any other court. Each of the plaintiff's two previous lawsuits was voluntarily dismissed prior to adjudication of any sort, much less on the merits, and the original complaint in this case was superseded by the amended complaint prior to any

adjudication by the state court or this Court.

**B. Federal Jurisdiction with Respect to Supervisory Employees**

The plaintiff contends that, as a shop steward, he was a supervisory employee of APMTVA, and thus, as a supervisor, he fell outside the LMRA's statutory definition of "employee." As a result, the plaintiff argues, this Court lacks subject matter jurisdiction pursuant to Section 301 of the LMRA.

Section 301(a) of the LMRA provides, in pertinent part:

> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce ... may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

29 U.S.C. § 185(a). The plaintiff argues that, as a supervisor, he does not fall within the statutory definition of "employee," and, consequently, he does not fall within the scope of Section 301's grant of federal jurisdiction over actions involving "contracts between an employer and a labor organization representing employees."

In advancing this argument, the plaintiff points to Section 2(3) of the LMRA, which provides, in pertinent part: "When used in this subchapter . . . [t]he term "employee" . . . shall not include . . . any individual employed as a supervisor . . . ." 29 U.S.C.§ 152(3). But the "subchapter" referenced in Section 2(3) is Title I of the LMRA, which amended and reenacted the National Labor Relations Act of 1935. See generally Labor Management Relations Act of 1947, ch. 120, sec. 101, 61 Stat. 136, 136–52 (codified as amended at 29 U.S.C. §§ 151–169); see also 29 U.S.C. § 167 ("This subchapter may be cited the 'National Labor Relations Act.'"). Thus, the statutory definition of "employee" upon which the plaintiff's argument rests is expressly limited to the provisions of the National Labor Relations Act—Title I of the LMRA.

Section 301, however, is not part of the National Labor Relations Act. It is located in a

5

separate subchapter—Title III of the LMRA. See generally Labor Management Relations Act of 1947, ch. 120, sec. 301, 61 Stat. 136, 156–57 (codified at 29 U.S.C. § 185). The statutory definition of "employee" in Section 2 has nothing whatsoever to do with the scope of federal jurisdiction under Section 301. See Majewski v. B'Nai B'Rith Int'l, 721 F.2d 823, 826 (D.C. Cir. 1983) ("[F]or more than a dozen years now, district and appellate courts have uniformly concluded that § 301 does apply to agreements involving labor organizations that contain supervisors, despite the apparent conflict with the statutory language [of Section 2(3)] . . . ."); see also, e.g., Casey v. Lifespan Corp., 62 F. Supp. 2d 471, 475 (D.R.I. 1999) ("It is clear . . . that a supervisor is not precluded, per se, from maintaining an action for breach of a CBA under § 301."); United Steelworkers of America v. Indiana & Michigan Elec. Co., 483 F. Supp. 330, 332–33 (S.D.W. Va. 1977) ("[T]he statutory policy toward supervisors as codified in [Section 2(3)] applied to Title I of the [Act] and not to [T]itle III, § 301(a).").

The touchstone of federal jurisdiction under Section 301 of the LMRA, then, is whether the action involves violation of a collective bargaining agreement. Whether the plaintiff is employed in a supervisory or non-supervisory role is simply irrelevant.

### C. The Role of the Collective Bargaining Agreement

Finally, the plaintiff contends that this Court lacks subject matter jurisdiction because, under the amended complaint, the plaintiff only asserts a state law claim, arising from "custom and practice in the longshore industry in the Port of Hampton Roads" and an unspecified contract entered into between Rascoe and APTMVA directly, without reference to any collective bargaining agreements.

But, as this Court has previously observed, "the propriety of removal is judged at the time the removal petition is filed." Margan v. Chemetron Fire Sys., Inc., 954 F. Supp. 1127, 1132 (E.D. Va. 1997); see also Brown v. E. States Corp., 181 F.2d 26, 28 (4th Cir. 1950); Martin v. Lagualt, 315 F.

6

Supp. 2d 811, 814 (E.D. Va. 2004). Subsequent amendment of the complaint after removal in an attempt to eliminate the federal question does not defeat federal jurisdiction. See Brown, 181 F.2d at 28; Hatcher v. Lowe's Home Ctrs., Inc., 718 F. Supp. 2d 684, 687 (E.D. Va. 2010); Martin, 315 F. Supp. 2d at 814 n.4.

On its face, the original complaint in this action clearly alleged that the plaintiff was appointed shop steward at APM Terminals pursuant to the provisions of the collective bargaining agreements in place for APM Terminals and the Port of Hampton Roads. The original complaint identified the specific provisions in both the Hampton Roads Longshoremen's Agreement and the APM Terminals Contract governing the appointment and duties of shop stewards at the several marine shipping terminals in Hampton Roads, including APM Terminals. Copies of these written contract provisions were attached to the original complaint as exhibits. The original complaint expressly alleged that the Rascoe was an intended third-party beneficiary of these collective bargaining agreements. Although the specific source of the alleged lifetime tenure of a shop steward was identified simply as "custom and practice," the gravamen of the original complaint is clearly that Rascoe's termination as shop steward breached an implied term of the collective bargaining agreements.

The amended complaint was filed twelve days after removal. In a transparent attempt to avoid federal jurisdiction, it carefully omits all reference to the collective bargaining agreements, referring only to the plaintiff's "contract with APMTVA" and to "custom and practice in the longshore industry in the Port of Hampton Roads," based upon which the plaintiff alleges an implied contract term of lifetime tenure for shop stewards. But considering this amended complaint in the context of the original complaint (the operative complaint at the time of removal) and the provisions of the collective bargaining agreements attached thereto, the gravamen of Rascoe's complaint

remains the same, even after amendment.

## III. CONCLUSION

For the forgoing reasons, the Court **FINDS** that it has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 185(a), and that the case was properly removed from state court by the defendants pursuant to 28 U.S.C. §§ 1441 and 1446. Accordingly, the plaintiff's motion to remand this case to state court is **DENIED**.

**IT IS SO ORDERED.**

/s/
Robert G. Doumar
Senior United States District Judge

March 29, 2013
Norfolk, Virginia