IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

FILED
MAR 29 2013
CLERK, US DISTRICT COURT
NORFOLK, VA

RON RASCOE,
    Plaintiff,

v.    Civil No. 2:12cv352

APM TERMINALS VIRGINIA, INC. et al.,
    Defendants.

## OPINION AND ORDER

In this action, plaintiff Ron Rascoe seeks damages from the defendants for breach of contract. In essence, the plaintiff claims that he was wrongfully discharged from his position as shop steward of APM Terminals in Portsmouth, Virginia. Central to his claim is an alleged implied term of his employment contract that, by custom and practice, the shop steward position is a lifetime appointment rather than at-will employment. The plaintiff further alleges that, notwithstanding this custom and practice, he was terminated from the shop steward position in favor of an individual with no seniority who was also the son of the president of a trade association that represented port employers in labor negotiations concerning APM Terminals and other facilities throughout the Port of Hampton Roads.

This is Rascoe's third lawsuit concerning his termination as shop steward. The first two lawsuits were voluntarily dismissed by the plaintiff pursuant to Rule 41(a)(1)(A). The defendants have moved for summary judgment on the ground that this action is barred by Rule 41's two-dismissal rule and the doctrine of res judicata. The defendants have also requested an award of attorney fees pursuant to Rule 41(d) of the Federal Rules of Civil Procedure. For the reasons set forth herein, the defendants' motion for summary judgment is **GRANTED** in part and **DENIED** in

part. Judgment will be entered in favor of the defendants, but the Court declines to award attorney fees to the defendants.

## I. BACKGROUND

Rascoe is a longshoreman and a member of International Longshoremen's Association, Local 1248 ("ILA Local 1248"), a union representing longshore workers employed at marine terminals in the Port of Hampton Roads. On April 1, 2008, Rascoe was selected to serve as shop steward at APM Terminals in Portsmouth, Virginia. In his various complaints, Rascoe has consistently alleged that, as a matter of custom and practice, the shop steward position is a lifetime appointment, with previous shop stewards having served in their positions until death or retirement.

In February 2011, Rascoe was terminated from his position as shop steward, and a new shop steward was appointed. Rascoe's successor had not previously worked at APM Terminals, and thus he had no seniority. Rascoe's successor was also the son of the president of the Hampton Roads Shipping Association ("HRSA"), a trade association that represents port employers in labor negotiations concerning APM Terminals and other facilities throughout the Port of Hampton Roads.

ILA Local 1248 filed a grievance on behalf of Rascoe with the HRSA-ILA Contract Board, a body composed of management and labor officials created by the collective bargaining agreement that governs the employment of longshore workers throughout the Port of Hampton Roads. The Contract Board is charged with administering and interpreting the collective bargaining agreement, including the resolution of grievances. The Contract Board considered Rascoe's grievance at a March 2011 meeting and found no violation of the collective bargaining agreement. ILA Local 1248 filed a second grievance on behalf of Rascoe, which was likewise denied by the Contract Board at a meeting in April 2011.

On August 22, 2011, Rascoe and ILA Local 1248, together, filed a complaint in this Court

against HRSA, Virginia International Terminals ("VIT"), and APM Terminals Virginia, Inc. ("APMTVA"), docketed by the Clerk as Case No. 2:11cv470. This first complaint expressly acknowledged that it was brought pursuant to Section 301 of the Labor Management Relations Act ("LMRA"), and it sought to set aside the Contract Board's decision finding that Rascoe's termination as shop steward did not violate the collective bargaining agreement. This first complaint also sought an injunction ordering the defendants to reinstate Rascoe to the position of shop steward, to pay him back pay, and to credit him with any seniority lost as a result of his termination. On September 21, 2011, before any of the defendants had entered an appearance, Rascoe and ILA Local 1248 filed a notice of voluntary dismissal pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure.

On February 17, 2012, proceeding alone, Rascoe filed a complaint in this Court against the same three defendants, docketed by the Clerk as Case No. 2:12cv87. Except for the omission of ILA Local 1248 as a party to the lawsuit, this second complaint was substantively identical to the first complaint, seeking to vacate the Contract Board's decision and seeking Rascoe's reinstatement as shop steward, an award of back pay, and credit for any lost seniority. On March 14, 2012, HRSA and VIT appeared and filed a joint motion to dismiss the second complaint. On March 16, 2012, APM Terminals appeared and filed its own motion to dismiss. On March 28, 2012, Rascoe filed a notice of voluntary dismissal pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure.

On May 30, 2012, again proceeding alone, Rascoe filed the original complaint in this matter—his third complaint overall—in the Circuit Court for the City of Portsmouth, Virginia. This third complaint was substantively identical to the previous two complaints, except that it omitted HRSA as a defendant and it alleged state court jurisdiction on the theory that, as a supervisory employee, Rascoe's wrongful discharge claim fell outside the scope of Section 301 of the LMRA.

3

As in the previous two complaints, Rascoe alleged that he was appointed shop steward at APM Terminals pursuant to certain collective bargaining agreements, that, by custom and practice, the shop steward position is a lifetime appointment rather than at-will employment, and that, as a consequence, Rascoe's termination as shop steward was a violation of the collective bargaining agreement. In this third complaint, the plaintiff requested an award of lost wages and any other consequential damages.

On June 27, 2012, defendant VIT removed the matter to this Court pursuant to 28 U.S.C. § 1441, citing the Court's federal question jurisdiction under 28 U.S.C. § 1331 and Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185. On June 29, 2012, defendant APMTVA filed notice of its consent to removal of the case, as required by 28 U.S.C. § 1446(b)(2)(A).

On July 9, 2012, twelve days after the case was removed from state court, the plaintiff filed an amended complaint pursuant to Rule 15(a) of the Federal Rules of Civil Procedure. In this amended complaint, the plaintiff restated his wrongful termination claim, this time omitting any mention of the collective bargaining agreements, instead referencing only an unspecified "contract with APMTVA" and the "custom and practice in the longshore industry in the Port of Hampton Roads" that a shop steward is hired for life—apparently suggesting, by omission of any reference to the collective bargaining agreements, that his appointment as shop steward of APM Terminals was based on a direct contract of employment between himself and APMTVA, and not on any collective bargaining agreement.

On July 23, 2012, VIT filed its motion for summary judgment. Later that same day, AMPTVA filed a joinder in VIT's motion.[1] In this motion for summary judgment, the defendants

---

[1] APMTVA also filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, based on substantially the same grounds as this motion for summary judgment.

4

contend that this action is barred by Rule 41's two-dismissal rule and the doctrine of res judicata. On August 6, 2012, the plaintiff filed a brief in opposition to the motion for summary judgment. On August 13, 2012, VIT filed its rebuttal brief. The motion is now ripe for decision on the papers. See Local Civ. R. 7(J).

## II. SUMMARY JUDGMENT STANDARD

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment should be granted only if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" only if it might affect the outcome of the case. Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986). A dispute of material fact is "genuine" only if the evidence "is such that a reasonable jury could return a verdict for the non-moving party." Id. In deciding a summary judgment motion, the Court must view the record as a whole and in the light most favorable to the nonmovant. Terry's Floor Fashions, Inc. v. Burlington Indus., Inc., 763 F.2d 604, 610 (4th Cir. 1985).

The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion," and demonstrating the absence of a genuine dispute of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the movant makes such a showing, the nonmovant must set forth specific facts, supported by the record, demonstrating that "the evidence presents a sufficient disagreement to require submission to the jury." Anderson, 477 U.S. at 251-52.

## III. ANALYSIS

### A. The Two-Dismissal Rule

Rule 41 of the Federal Rules of Civil Procedure governs the dismissal of actions. Under Rule

---

Because the Court grants summary judgment to the defendants on their joint motion, APMTVA's separate motion to dismiss is rendered moot.

5

41(a)(1), an action may be voluntarily dismissed by a plaintiff without a court order. If an opposing party has not yet served an answer or a motion for summary judgment, the plaintiff may voluntarily dismiss the case unilaterally by filing a notice of dismissal. Fed. R. Civ. P. 41(a)(1)(A)(i). The rule further provides that:

> Unless the notice or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.

Fed. R. Civ. P. 41(a)(1)(B). This is the two-dismissal rule.

"Because a notice of a second dismissal by the plaintiff serves as an 'adjudication on the merits,' the doctrine of res judicata applies." Manning v. S.C. Dep't of Highway & Pub. Transp., 914 F.2d 44, 47 (4th Cir. 1990) (footnote omitted). "Res judicata precludes the assertion of a claim after a judgment on the merits in a prior suit by parties or their privies based on the same cause of action." Meekins v. United Transp. Union, 946 F.2d 1054, 1057 (4th Cir. 1991). "A party invoking res judicata must establish three elements: (1) a final judgment on the merits in a prior suit, (2) an identity of the cause of action in both the earlier and the later suit, and (3) an identity of parties or their privies in the two suits." Id. (internal quotation marks omitted).

The plaintiff concedes that the notice of dismissal of the second complaint operates as a final judgment on the merits in that action, and he concedes an identity of parties between that action and this one. The plaintiff argues, however, that these three lawsuits do not share the same cause of action because the present lawsuit asserts a state law breach of contract claim arising from an allegedly separate contract of employment between Rascoe and APM Terminals, rather than the collective bargaining agreements that were at issue in the previous actions.

But the Fourth Circuit has adopted a transactional approach to the identity of claims

6

question.[2] Under this approach, "the appropriate inquiry is whether the new claim arises out of the same transaction or series of transactions as the claim resolved by the prior judgment." Meekins, 946 F.2d at 1058. Applying this standard, it is clear that the present action arises out of the same transaction as that resolved by the second action, Case No. 2:12cv87. Indeed, the original complaint in this action was substantively identical to the complaint in the second action, alleging the very same series of events and relying on the very same terms of the collective bargaining agreements. The amended complaint in this action elides the allegations concerning the collective bargaining agreements, asserting an alternate theory of liability, but it nevertheless seeks redress for the very same claim, arising from the very same events.

Accordingly, the plaintiff's notice of dismissal in Case No. 2:12cv87 operates as an adjudication on the merits. As a consequence, this action is barred by the doctrine of res judicata, and the defendants are entitled to judgment as a matter of law.

**B. Attorney Fees Under Rule 41(d)**

The defendants have requested an award of attorney fees pursuant to Rule 41(d) of the Federal Rules of Civil Procedure. Rule 41(d) provides that:

> If a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court:
>
> (1) may order the plaintiff to pay all or part of the costs of that previous action; and
>
> (2) may stay the proceedings until the plaintiff has complied.

Fed. R. Civ. P. 41(d). "Rule 41(d) conveys broad discretion on federal courts to order stays and payment of costs[,] and neither is mandatory." Prest v. Jermstad, 250 F.R.D. 506, 507 (S.D. Cal. 2008) (omitting internal quotation marks). "However, a court may not award attorneys fees as part

---

[2] The Commonwealth of Virginia has likewise adopted this transactional approach. See Va. Sup. Ct. R. 1:6 (adopted eff. July 1, 2006).

of its costs under Rule 41(d) unless the substantive statute that formed the basis of the original suit allows for the recovery of such fees as costs or the court finds that the plaintiff acted in bad faith." Espenscheid v. DirectSat USA, LLC, 708 F. Supp. 2d 781, 795 (W.D. Wis. 2010).

Section 301 of the LMRA does not provide for an award of attorney fees. The defendants have not identified any other statute or any provision in the collective bargaining agreements that might authorize an award of attorney fees, nor have they alleged bad faith or any other exceptional circumstances that might justify an award of attorney fees in equity. "Without such express contractual or statutory authorization, courts generally adhere to the American Rule which requires each party to bear its own litigation costs, including attorney's fees." United Food & Commercial Workers, Local 400 v. Marval Poultry Co., Inc., 876 F.2d 346, 350 (4th Cir. 1989).

Accordingly, the Court declines to award attorney fees to the defendants pursuant to Rule 41(d) at this time. However, if the plaintiff asserts this same claim again in a subsequent action, a motion for sanctions may not be inappropriate.

## IV. CONCLUSION

For the forgoing reasons, the defendants' motion for summary judgment is **GRANTED** in part and **DENIED** in part. The Clerk is **DIRECTED** to enter judgment in favor of the defendants and against the plaintiff. The defendants' request for an award of attorney fees is **DENIED**.

**IT IS SO ORDERED.**

March 29, 2013
Norfolk, Virginia

/s/
Robert G. Doumar
Senior United States District Judge